**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DISH NETWORK L.L.C., Plaintiff, v. ELLAS TV, INC. and MARIO PAPPAS, Defendants. | ) | Case No. |

# COMPLAINT

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Defendants Ellas TV, Inc. and Mario Pappas and states as follows:

## Nature of the Action

1. Defendants obtained a DISH satellite receiver and used that satellite receiver, without authorization, to redistribute DISH television programming over Ellas TV's own for-profit streaming television service. By using DISH's satellite programming for Defendants' own financial benefit and the benefit of Ellas TV subscribers who are not entitled to receive the programming, Defendants violated the Federal Communications Act, 47 U.S.C. 605(a) ("FCA").

## Parties

2. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112. DISH is the third largest pay-television distributor in the United States, delivering programming to millions of subscribers nationwide by means of satellite and over-the-top ("OTT") services. DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

3. Defendant Ellas TV, Inc. ("Ellas TV") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 4217 Commercial Way, Glenview, Illinois, 60025. Ellas TV streams content and programming over the Internet (1) to television receiving equipment provided by Ellas TV to its subscribers, using a process known as Internet Protocol Television ("IPTV") or OTT delivery and (2) via its Ellas TV Go service provided through an app available for Apple iOS devices, Android devices, Roku streaming devices, and Mac and PC computers (collectively the "Ellas TV Service").

4. Defendant Mario Pappas ("Pappas") is an individual who resides at 9536 Oleander Avenue, Morton Grove, Illinois 60053. Pappas is the founder, President, and operator of Ellas TV. Pappas was directly involved in and had the right and ability to supervise, direct, and control the unlawful acts described herein, including receiving DISH's satellite programming and assisting others in receiving the programming by redistributing it over the Internet to subscribers of Defendants' Ellas TV Service.

5. Upon information and belief, each of the Defendants was the agent and/or principal for one another, was acting within the scope of such agency when engaging in the misconduct alleged herein, and is jointly and severally liable for all damages arising as a result thereof.

**Jurisdiction and Venue**

6. This action alleges violations of the FCA, 47 U.S.C. § 605(a). Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

7. Defendants reside in and conduct business in the State of Illinois, and therefore are subject to this Court's personal jurisdiction.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district, § 1392(b)(2) because a substantial part of the events giving rise to DISH's claims occurred in this district, and § 1391(b)(3) because Defendants are subject to personal jurisdiction in this district.

**DISH Satellite Television Programming**

9. DISH is a multi-channel video programming distributor that delivers video and audio programming services to millions of customers throughout the United States via a direct broadcast satellite system.

10. DISH uses satellites to distribute, among other things, movies, sports, general entertainment, and international programming services to consumers who have been authorized to receive such services after payment of a subscription fee, or in the case of a pay-per-view movie or event, the purchase price.

11. DISH contracts for and purchases the rights for programming distributed on the DISH platform from providers such as network affiliates, motion picture distributors, pay and specialty broadcasters, cable networks, sports leagues, and other holders of programming rights.

12. DISH programming is digitized, compressed, and scrambled prior to being transmitted to multiple satellites located in geo-synchronous orbit above Earth. The satellites relay the encrypted signal back to Earth where it can be received by DISH subscribers that have the necessary equipment, including a DISH receiver and smart card. The DISH receiver and smart card convert DISH's encrypted satellite signal into viewable programming that can be displayed on the attached television of an authorized DISH subscriber.

**Defendants' Wrongful Conduct**

13. Defendants have engaged in improper acts and practices for the purpose of obtaining DISH satellite television programming and distributing that programming to Defendants' Ellas TV Service subscribers, in violation of the FCA, 47 U.S.C. § 605(a).

14. DISH has identified the following two residential accounts, each in the name of Mario Pappas, that Defendants created and used in furtherance of their receipt of DISH satellite television programming and distribution of programming to Defendants' Ellas TV Service subscribers: (1) DISH residential account XXXXXXXXXXXX7969, with a service address of 4217 Commercial Way, Glenview, IL 60025; and (2) DISH residential account XXXXXXXXXXXX2602, with a service address of 4215 Commercial Way, Glenview, IL 60025.

15. Both of Pappas's DISH residential accounts are subscribed to DISH's Greek Elite Package, which includes the Sport Plus channel. Each account is assigned four DISH receivers and four smart cards.

16. Defendants obtained DISH television programming from one or more of Pappas's DISH residential accounts and redistributed DISH's Sport Plus channel to Defendants' Ellas TV Service subscribers for Defendants' benefit and the benefit of Ellas TV Service subscribers who were not entitled to receive the DISH programming.

17. DISH's licensor, Artmer Ltd., notified Defendants of their unauthorized distribution of the Sport Plus channel by letters dated December 3, 2015 and January 28, 2016. The January 28 letter included a letter from DISH's licensor, Artmer Ltd., the owner and rights holder of the Sport Plus channel, confirming DISH's exclusive United States distribution rights

in the Sport Plus channel. Defendants disregarded Artmer's and DISH's rights, evidencing Defendants' willfulness in violating the FCA.

18. On April 19, 2016, DISH sent a message to Pappas's DISH residential accounts XXXXXXXXXXXX7969 and XXXXXXXXXXXX2602. The message was designed to appear only on the television screens that were tuned in and connected to these accounts. DISH simultaneously monitored a subscription to the Ellas TV Service and established that the Ellas TV Service was distributing DISH's Sport Plus channel, including the message that was sent only to Pappas's DISH accounts. Below is a screenshot from an Ellas TV Service subscription displaying the message.



19. Defendants sell their Ellas TV Service, including DISH's Sport Plus channel, to each of their IPTV subscribers for a monthly fee of $69.99 and each of their Ellas TV GO subscribers for a monthly fee of $54.99.

20. Defendants' wrongful conduct has caused irreparable harm to DISH for which there is no adequate remedy at law. Defendants' acts have resulted in providing an unknown number of Ellas TV Service subscribers with access to DISH's Sport Plus channel, resulting in an unknown amount of revenues being diverted from DISH and an unknown amount of profits being received by Defendants. In addition to lost revenue and Defendants' profits, Defendants' actions cause harm to DISH in the form of loss of reputation and goodwill.

## Claims For Relief

### Count I

### Defendants' Violations of the Federal Communications Act, 47 U.S.C. § 605(a)

21. DISH repeats and realleges the allegations in paragraphs 1-20.

22. Defendants received DISH's satellite transmissions and assisted others in receiving the communications, or the information therein contained, without valid or proper authorization for Defendants' benefit and the benefit of Ellas TV Service subscribers, in violation of 47 U.S.C. § 605(a).

23. Defendants used DISH subscriber accounts for improper purposes by rebroadcasting and transmitting DISH programming over the Internet and by other means, and by distributing DISH programming to persons not authorized by DISH to receive or view that programming.

24. Defendants have been violating 47 U.S.C. § 605(a) willfully and for purposes of commercial advantage or private financial gain.

25. Defendants knew or should have known their actions were illegal and prohibited. Such violations have caused damage to DISH in an amount to be proven at trial. Unless restrained and enjoined by the Court, Defendants may continue to violate 47 U.S.C. § 605(a).

**Prayer For Relief**

WHEREFORE, DISH seeks judgment against Defendants as follows:

A. For a grant of permanent injunctive relief restraining and enjoining Defendants, and any of their officers, agents, servants, employees, attorneys, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order, from creating and using DISH subscriber accounts for improper purposes, transmitting DISH programming or the Sport Plus channel over the Internet or by other means, or distributing DISH programming or the Sport Plus channel to persons not authorized by DISH to receive or view that programming or channel.

B. For an order directing Defendants to return to DISH all satellite receiving equipment used to receive DISH programming and authorizing DISH to take possession of and destroy, at DISH's discretion, all technologies, tools, software, products, components, or parts thereof in the custody or control of Defendants that the Court has reasonable cause to believe were involved in Defendants' violations of the FCA, pursuant to 47 U.S.C. § 605(e)(3)(B)(i);

C. For an order directing Defendants to preserve and turn over to DISH all records in any form, including electronic documents, that evidence, refer, or relate to Defendants' conduct of creating and using DISH subscriber accounts for improper purposes, transmitting DISH programming over the Internet and by other means, or distributing DISH programming to persons not authorized by DISH to receive or view its programming, including customer records;

D. For an award to DISH of the greater of all profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the amount of up to $10,000 for each violation of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. § 605(e)(3)(C)(i), computed on the basis that each day is a separate violation, and to increase that amount by $100,000 for each violation, in accordance with 47 U.S.C. § 605(e)(3)(C)(ii);

E. For DISH's costs, attorneys' fees, and investigative expenses under 47 U.S.C. § 605(e)(3)(B)(iii);

F. For a full and accurate accounting of all profits and other benefits received by Defendants as a result of the wrongful conduct described herein;

G. For pre- and post-judgment interest on all monetary awards, from the earliest date permitted by law at the maximum rate permitted by law; and

H. For such additional relief as the Court deems just and equitable.

Respectfully submitted,

Dated: April 29, 2016

**LEWIN LAW GROUP**

By: _/s/ David M. Lewin________________

David M. Lewin
175 W. Jackson Boulevard, Suite 1600
Chicago, IL 60604-2827
Telephone: (312) 540-7556
Facsimile: (312) 540-0578

**HAGAN NOLL & BOYLE LLC**
Joseph H. Boyle (*pro hac vice* to be filed)
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Attorneys for Plaintiff DISH Network L.L.C.